Appeal from an order of the Surrogate’s Court, Erie County (Barbara Howe, S.), entered December 6, 2012. The order denied the motion of the Estate of Gino Rolando Monaco to compel Eugene Allen Monaco to supply his earnings records.
It is hereby ordered that the order so appealed from is affirmed without costs.
*1594 Memorandum: Respondent appeals from an order denying its motion to compel production of petitioner’s income tax records from the years 1980 to 1995, or for authorization to obtain such records from the New York State Department of Taxation and Finance (hereafter, State). It is undisputed that petitioner has voluntarily produced State records of his earnings from 1996 to 2009.
Pursuant to decedent’s will, his daughter was devised all of his real property while petitioner, decedent’s son, was devised a cemetery plot, a compressor, and a roll of electrical wire. At issue is petitioner’s claim that a single-family residence in which he has resided since decedent purchased the property in 1996, and the deed for which is in decedent’s name, was the subject of a verbal agreement whereby decedent promised to transfer title of the property to petitioner when the mortgage was paid off, upon petitioner’s demand or upon decedent’s death. Petitioner alleges that, in reliance on that agreement, he gave decedent $20,000 for the down payment, and he has paid all expenses on the property, including the mortgage, taxes, the cost of improvements, and the insurance premium. Respondent seeks an order requiring petitioner, or the State, to supply petitioner’s income tax records from 1980 through 1995 because that information is relevant to the issue of whether petitioner had sufficient savings in 1996 to make the $20,000 down payment to decedent, as alleged.
We conclude that Surrogate’s Court properly denied respondent’s motion, inasmuch as respondent has not made a sufficiently strong showing that the information contained in petitioner’s income tax records “were indispensable to this litigation and unavailable from other sources” (Supama Coal Sales Co. v Jackson, 186 AD2d 1052, 1052 [1992]), such as “other financial or business records” (Consentino v Schwartz, 155 AD2d 640, 641 [1989]; see Grossman v Lacoff, 168 AD2d 484, 485-486 [1990]; Niagara Falls Urban Renewal Agency v Friedman, 55 AD2d 830, 830 [1976]). Indeed, respondent “failed to make any factual showing in this regard, since the hearsay affirmation[s] of [respondent’s] attorney [are] wholly conclusory” (Consentino, 155 AD2d at 641), petitioner’s deposition testimony, the only exhibit submitted in support of the motion, accounted for petitioner’s employment history during the times in question, although in a vague manner (see generally Grossman, 168 AD2d at 486), and respondent did not establish that it sought the requested information from any alternate source (see Mayo, Lynch & Assoc. v Fine, 123 AD2d 607, 608 [1986]).
All concur except Lindley and Sconiers, JJ., who dissent and vote to reverse in the following memorandum.